ATTORNEY GENERAL LOVING HAS ASKED THAT I RESPOND TO YOUR REQUEST FOR AN OPINION CONCERNING THE APPLICABILITY OF PREVAILING WAGE STATUTES TO SCHOOL DISTRICT PROJECTS FINANCED BY THE PROCEEDS OF A BOND ISSUE. BECAUSE YOUR QUESTION DEPENDS LARGELY ON FACTUAL MATTERS WHICH LIE OUTSIDE THE SCOPE OF A LEGAL OPINION, THIS OFFICE HAS DETERMINED THAT YOUR REQUEST SHOULD BE ANSWERED THROUGH THIS INFORMAL LETTER.
A GOVERNMENTAL ENTITY SUCH AS A SCHOOL DISTRICT IS GENERALLY REQUIRED TO PAY THE PREVAILING HOURLY RATE OF WAGES FOR LABOR DONE ON PUBLIC WORKS WHERE THE "TOTAL COST" OF THE PROJECT EXCEEDS $600,000. SEE 40 O.S. 196.2(A)/40 O.S. 196.3 (1991). FOR PURPOSES OF APPLYING THIS REQUIREMENT, A "PROJECT" IS DEFINED AS:
 "ALL WORK, MATERIALS, CONTRACTS, SUBCONTRACTS OR OTHER THINGS OF VALUE REQUIRED TO PREPARE THE PERMANENT FACILITY OF A PUBLIC WORK FOR ITS INTENDED USE, INCLUDING THE ERECTION, CONSTRUCTION OR IMPROVEMENT OF ANY STRUCTURE OR BUILDING(.)"
40 O.S. 196.2(A). GOVERNMENTAL ENTITIES ARE EXPRESSLY PROHIBITED FROM SPLITTING PROJECTS INTO PARTIAL CONTRACTS OF LESS THAN $600,000 TO AVOID THE APPLICATION OF THE PREVAILING WAGE REQUIREMENT. ID.
THE DETERMINATION OF WHETHER A PARTICULAR UNDERTAKING IS PROPERLY CONSIDERED TO BE A SINGLE PROJECT OR A NUMBER OF SEPARATE, STAND-ALONE PROJECTS MUST, OF COURSE, BE BASED UPON THE FACTS AND CIRCUMSTANCES OF EACH SPECIFIC CASE. IN MAKING SUCH A DETERMINATION, RELEVANT FACTORS TO BE CONSIDERED MIGHT INCLUDE THE LOCATION OF THE PROJECTS; THE TIMING OF THE UNDERTAKINGS; WHETHER THE UNDERTAKINGS ARE PART OF A COMMON PLAN OF CONSTRUCTION OR RENOVATION; THE DEGREE TO WHICH THE PROJECTS ARE INTEGRATED OR INTERDEPENDENT; THE TYPE OF CONSTRUCTION NECESSARY; WHETHER THE SAME KIND OF LABOR SERVICES ARE REQUIRED; AND HOW THE PROJECTS ARE BID. UPON CONSIDERATION OF THESE OR OTHER RELEVANT FACTORS, ONE COULD DETERMINE WHETHER A PARTICULAR UNDERTAKING CONSISTED OF ONE, OR MORE THAN ONE, INDIVIDUAL PROJECT.
HOWEVER, THE MERE FACT THAT TWO UNDERTAKINGS — WHICH WOULD OTHERWISE BE CONSIDERED TO BE SEPARATE PROJECTS — ARE FINANCED WITH FUNDS FROM A SINGLE BOND ISSUE DOES NOT I SO FACTO MAKE THE UNDERTAKINGS A SINGLE PROJECT. SUPPORT FOR THIS CONCLUSION IS FOUND IN THE BOND ISSUE PROCEEDS ACT, 62 O.S. 571 (1991) ET SEQ. 62 O.S. 574 OF THE ACT REQUIRES A GOVERNMENTAL ENTITY THAT CONTEMPLATES A BOND ISSUE TO PUBLISH "A GENERAL STATEMENT OF ALL PURPOSES AND SPECIFIC PROJECTS FOR WHICH SEVENTY PERCENT (70%) OF THE PROCEEDS SHALL BE EXPENDED, WITH A FURTHER LISTING OF THE DOLLAR AMOUNTS TO BE EXPENDED ON EACH SPECIFIC PROJECT." THIS LANGUAGE UNDOUBTEDLY CONTEMPLATES THAT FUNDS FROM A SINGLE BOND ISSUE MAY BE USED TO FINANCE A NUMBER OF SEPARATE PROJECTS. AND THERE IS NO COUNTERVAILING REASON TO CONCLUDE THAT DISTINCT UNDERTAKINGS SHOULD BE DEEMED TO BE A SINGLE PROJECT SIMPLY BECAUSE THEY ARE FINANCED BY FUNDS FROM THE SAME BOND ISSUE.
ACCORDINGLY, IT IS THE OPINION OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL THAT (1) THE DETERMINATION OF WHETHER AN UNDERTAKING IS A SINGLE PROJECT OR A NUMBER OF SEPARATE, STANDALONE PROJECTS MUST BE BASED UPON THE FACTS AND CIRCUMSTANCES OF EACH PARTICULAR CASE; AND (2) THE FACT THAT TWO UNDERTAKINGS — WHICH WOULD OTHERWISE BE CONSIDERED TO BE SEPARATE PROJECTS — ARE FINANCED WITH FUNDS FROM A SINGLE BOND ISSUE DOES NOT IPSO FACTO MAKE THE UNDERTAKINGS A SINGLE PROJECT.
(K. W. JOHNSTON)